**P. H. S. TOBACCO CO. et al. v. DASKAS et al.**

**No. 10314.**

Court of Civil Appeals of Texas. Galveston.

Feb. 4, 1937.

Rehearing Denied July 8, 1937.

W. Gordon Vaughan, of Houston, for appellants.

Guynes & Colgin, of Houston, for appellees.

CODY, Justice.

The controlling facts in this case are that appellee Daskas was the owner of three fire insurance policies on which the insurance company admitted liability in the total sum of $3,754.78; he procured a loan from a bank for $1,325, and pledged as security therefor the two smaller policies, totaling $1,619.12. The pledge contract contained in the note executed by appellee Daskas authorized the bank to sell the pledged collateral at public or private sale, with or without notice, to the highest bidder for cash, and to apply the proceeds of the sale to the payment of the note, and conferred a like power on any assignee of the bank. The bank required as additional security the personal liability of P. H. S. Tobacco Company, a copartnership composed of W. M. Pinckard and J. W. Hopson, Jr. In the meanwhile an attorney for one Vassilliades tied up the proceeds of the policies by running a garnishment on the insurance company, claiming the proceeds of such insurance policies belonged to Peter Daskas, a brother of appellee James N. Daskas. The note not being paid at maturity, the bank called on the P. H. S. Tobacco Company to pay the note, and this they did on December 7, 1933, and then employed the attorney, who, for Vassilliades, had tied up the proceeds of the insurance policies to collect the note which, together with the collateral securing its payment, the bank had assigned to the Tobacco Company when they paid the bank. Appellee Daskas, on December 10, 1933, received the letter demanding payment of said note, written him by the Tobacco Company's attorney. On the morning of the next day appellee Daskas saw one of the partners, who referred him to the aforesaid attorney; and on the afternoon of the same day, said attorney, purporting to exercise the power of sale created by the pledge contract, sold out said two small policies at the price of $150, without advertising the sale, and without notifying appellee Daskas. Before said attorney made the sale, he demanded of the attorney of appellee Daskas that said Daskas make a payment of the debt of Peter Daskas, which demand was refused with some heat. Two days later, the attorney of the Tobacco Company dismissed the Vassilliades garnishment and demanded the proceeds of said two smaller policies as the property of appellee Daskas, which he had theretofore tied up as belonging to Peter Daskas, and had caused the answer, filed in the garnishment suit alleging same to belong to appellee Daskas, to be denied under oath.

In this suit, appellee Daskas admitted his indebtedness on the note, alleged fraud in the sale of the policies of insurance pledged as collateral security for payment of such note, requested said note be paid out of the proceeds of said policies, and asked for actual and exemplary damages on account of the wrongful attachment and garnishment that the Tobacco Company caused to be levied as ancillary to the suit on their note. The jury found the sale of said policies was not made in good faith, and that the attachment and the garnishment, sued out ancillary to this suit, were sued out without probable cause and maliciously, and found damages in connection with the garnishment suit in the sum of $350.

This cause having resolved itself into the fact case of whether the collateral sale was held in good faith, and whether the garnishment was sued out without probable cause and maliciously, and finding ample evidence to support the jury's findings, and finding no error requiring reversal, the judgment of the trial court is affirmed.

Affirmed.